NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOE HAND PROMOTIONS, INC.,

    *Plaintiff*,

v.

ASHISH BATRA & ALADDIN HOOKAH LOUNGE, LLC,

    *Defendants*.

Civil Action No. 15-5863

<u>**OPINION**</u>

<u>**John Michael Vazquez, U.S.D.J.**</u>

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Joe Hand Promotions, Inc.'s unopposed motion for default judgment against Defendants Ashish Batra and Aladdin Hookah Lounge, LLC (individually "Aladdin" and collectively "Defendants") under Fed. R. Civ. P. 55(b). D.E. 12. The Court reviewed all submissions made in support of the motion, and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Plaintiff's motion is **GRANTED**.

## II. FACTS AND PROCEDURAL HISTORY

Plaintiff was a distributor of the television broadcast of the mixed martial arts fight "UFC 183: Silva v. Diaz," which took place on January 31, 2015. Compl. ¶ 14, D.E. 1. The event was broadcasted via encrypted satellite signal and cable television systems. *Id.* ¶ 14. Pursuant to its rights as a distributor, Plaintiff entered into sublicense agreements with various establishments in

New Jersey that "allow[ed] them to publically exhibit the Broadcast to their patrons." *Id.* ¶ 15. Plaintiff did not enter into any such agreement with Defendants. Defendants,[1] however, "unlawfully intercepted, received and/or de-scrambled" the signal and broadcasted the event to Aladdin's patrons. *Id.* ¶¶ 17, 27.

Plaintiff filed its two-count complaint against Defendants on July 30, 2015, alleging that Defendants knowingly and willfully violated the Communications Act of 1934, 47 U.S.C. §§ 553 and 605. In Count One, Plaintiff alleges that in violation of Section 605, Defendants unlawfully intercepted Plaintiff's signal via satellite transmission and broadcasted the event to patrons on January 31, 2015. *Id.* ¶¶ 14-23. Alternatively, Plaintiff contends in Count Two that Defendants unlawfully intercepted the signal via a cable system in violation of Section 553. *Id.* ¶¶ 24-30.

Defendants were personally served in New Jersey on November 6, 2015. D.E. 4. Defendants failed to answer, move, or otherwise respond to the complaint. As a result, on December 8, 2016, default was entered against Defendants for failure to plead or otherwise defend.[2] On January 25, 2017, Plaintiff filed this motion for default judgment pursuant to Rule 55(b). D.E. 12. Plaintiff seeks a default judgment and the following statutory damages:

---

[1] Batra is allegedly an "officer, director, shareholder and/or principal" of Aladdin and had "control over the activities occurring within the establishment on January 31, 2015." Compl. ¶¶ 6-7.

[2] Rule 55(a) directs the Clerk of the Court to enter a party's default when that party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

| | |
|---|---|
| Violation of 47 U.S.C. § 605(e)(3)(C)(i)(II) | $10,000 |
| Violation of 47 U.S.C. § 605(e)(3)(C)(ii) | $25,000 |
| Attorneys' Fees | $1,600 |
| Costs | $ 596 |
| **TOTAL** | **$37,196** |

### III.  LAW AND ANALYSIS

#### A. Standard of Review

Rule 55 allows for the entry of default against a party that fails to plead or otherwise defend claims asserted against it. Fed. R. Civ. P. 55. "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, . . . and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984)).

Prior to entering a default judgment pursuant to Rule 55(b), the court must: "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the [c]omplaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). Additionally, the Court must consider the following three factors: (1) prejudice to the plaintiff if

3

default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct. *Id.*; *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006).

### B. Jurisdiction and Service

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *2 (D.N.J. Jan. 22, 2015) (quoting *Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 08–3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008)).

The Court has subject matter jurisdiction over this matter. Plaintiff asserts claims pursuant to 47 U.S.C. §§ 553(a) and 605(a), which both provide private rights of action for an aggrieved party. *See* 47 U.S.C. § 553(c), § 605(e). The Court, therefore, has federal question subject matter jurisdiction over Plaintiff's claims. *See* 28 U.S.C. § 1331. The Court also has personal jurisdiction over Defendants because they were personally served in New Jersey. *See* Fed. R. Civ. P. 4(e), (h)(1); N.J. Ct. R. 4:4-4(a) ("The primary method of obtaining *in personam* jurisdiction over a defendant in this State is by causing the summons and complaint to be personally served within this State[.]").

### C. Sufficiency of Plaintiff's Causes of Action

Next, the Court must determine whether the complaint states a proper cause of action. The Court must accept all well-pleaded factual allegations in the pleadings as true, except as to damages. *Chanel, Inc.*, 558 F. Supp. 2d at 535-36.

To state a claim under Sections 605 or 553, a plaintiff must establish that defendants "(1) intercepted a broadcast; (2) were not authorized to intercept the broadcast; and (3) showed the broadcast to others." *J & J Sports Prods., Inc. v. Edrington*, No. 10-3789, 2012 WL 525970, at *2 (D.N.J. Feb. 16, 2012). In addition, a plaintiff may receive enhanced damages by showing that "the interception of the broadcast was willful and for commercial advantage or private gain." *Id.*

Plaintiff pleads that it had the exclusive right to distribute the UFC broadcast, it entered into sublicense agreements with various establishments in New Jersey permitting the establishments to broadcast the event to patrons, and it did not enter into such a sublicense agreement with Defendants. Compl. ¶¶ 14-18. This is sufficient to establish that Defendants were not authorized to intercept the broadcast. *See Joe Hand Promotions, Inc. v. Waldron*, No. 11-849, 2013 WL 1007398, at *3 (D.N.J. March 13, 2013). Further, Plaintiff's independent auditor went to Aladdin on January 31, 2015 and saw that Defendants were showing the broadcast to patrons. The auditor was charged a cover fee to enter Aladdin and once in the establishment there was a drink minimum and a required hookah purchase. Plf's Br., Attachment A. This is sufficient to establish that Defendants intercepted the broadcast and showed it to others for commercial gain. *J & J Sports Prods., Inc.*, 2012 WL 525970, at *2. Finally, Plaintiff describes several ways that Defendants could have obtained access to the broadcast; each method required Defendants to take affirmative steps to intercept and broadcast the event. Compl. ¶ 18. Consequently, Plaintiff establishes that the interception was willful. *Joe Hand Promotions, Inc.*, 2013 WL 1007398, at *3. The Court, therefore, may award enhanced damages under Sections 605 or 553. *Id.* at *7-8.

### D. Default Judgment Factors

5

Before imposing the extreme sanction of default judgment, district courts must make explicit factual findings as to (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default. *Moroccanoil, Inc.*, 2015 WL 6673839, at *1.

Here, all three factors weigh in favor of entering default judgment. First, considering that Defendants have not responded in this matter, "Defendant[s] ha[ve] put forth no evidence or facts containing any information that could provide the basis for a meritorious defense." *HICA Educ. Loan Corp.*, 2015 WL 273656, at *3. Additionally, there is nothing on the face of the complaint indicating that a meritorious defense is available. Next, without a default judgment, Plaintiff has no other means to seek relief for the harm allegedly caused by Defendants. As a result, Plaintiff will be prejudiced if default judgment is not entered. *See Int'l Union of Painters*, 2016 WL 3234516, at *3. Lastly, Defendants' failure to answer, without providing any reasonable explanation, permits the Court to draw an inference of culpability on their part. *Id.* As a result, the Court finds that default judgment is warranted.

### E. Proof of Damages

While the factual allegations of the complaint "will be taken as true," the amount of damages must still be proven. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). "If the damages are not for a sum certain or for a sum which can by computation be made certain, the court may conduct such hearings or order such references as it deems necessary and proper." *Id.* (citing Fed. R. Civ. P. 55(b)(2)) (internal quotation marks omitted). Where, as here, a plaintiff seeks statutory damages, costs, and attorney's fees, a court may award damages without a hearing.

*Joe Hand Promotions, Inc.*, 2013 WL 1007398, at *4.

Section 605(e)(3)(C) provides that an aggrieved party may receive actual damages or statutory damages for an amount between $1,000 to $10,000 per violation, which "the court considers just." 47 U.S.C. § 605(e)(3)(C)(i).[3] If enhanced damages are available, a court may increase the award by up to $100,000 for each violation. 47 U.S.C. § 605(e)(3)(C)(ii). A court shall also award attorney's fees and costs to a prevailing aggrieved party. 47 US.C. § 605(e)(3)(B)(iii).

### 1. Statutory Damages

Here, Plaintiff seeks $10,000 in statutory damages for the initial violation. Plf's Br. at 3-4. Plaintiff alleges that it is impossible to determine the full extent of profits it lost from Defendants' conduct. As a result, Plaintiff argues that an award of $10,000, the statutory maximum, would serve as a deterrent, account for additional profits Defendants' gained "as an indirect result of their unlawful actions," and compensate Plaintiff for its loss of goodwill and reputation. *Id.* Recent cases within this district, however, conclude that an award of statutory damages pursuant to Section 605 should approximate actual damages. *See, e.g., Directv, LLC v. Alvarez*, No. 15-6827, 2016 WL 6650842, at *3 (D.N.J. Nov. 9, 2016); *Premium Sports, Inc. v. Silva*, No. 15-1071, 2016 WL 223702, at *2 (D.N.J. Jan. 19, 2016); *Joe Hand Promotions, Inc.*,

---

[3] Plaintiff recognizes that Defendants could only be liable for a single count of the complaint but included both counts because without the benefit of discovery it could not determine how Defendants intercepted the event. Compl. ¶ 30. Because Defendants failed to respond to the complaint it is difficult, to say the least, for Plaintiff and the Court to make this determination. When faced with this same issue, courts in this district have found it proper to award statutory damages under either statute, but not both statutes. *Joe Hand Promotions, Inc.*, 2013 WL 1007398, at *1 n.2.

7

2013 WL 1007398, at *7; *J & J Sports Prods., Inc.*, 2012 WL 525970, at *4. "To determine actual damages, an appropriate starting point is to assess the cost of the licensing fee the defendants ought to have paid in order to broadcast legally." *Premium Sports, Inc.*, 2016 WL 223702, at *2 (citation omitted). Plaintiff states that an establishment with the capacity of 150 patrons, the approximate capacity of Aladdin, would have been required to pay $1,200 for a sublicense fee. Plf's Br. at 2. As a result, the Court will award Plaintiff $1,200 in statutory damages.[4]

### 2. Enhanced Damages

Plaintiff also seeks $25,000 in enhanced damages, arguing that this amount "will fairly achieve the statutory goals of restitution and deterrence." Plf's Br. at 4. To calculate enhanced damages courts within the district consider the following five factors: (1) whether the defendant has intercepted unauthorized broadcasts repeatedly and over an extended period of time; (2) whether it reaped substantial profits from the unauthorized exhibition in question; (3) whether the plaintiff suffered significant actual damages; (4) whether the defendant advertised its intent to broadcast the event; and (5) whether the defendant levied a cover charge or significant premiums on its food and drink because of the broadcast. *Joe Hand Promotions, Inc.*, 2013 WL 1007398, at *7. Plaintiff provides no evidence regarding the first three factors. Plaintiff, however, alleges that Defendants advertised the illegal broadcast on Aladdin's Twitter page. Plf's Br., Attachment C. Moreover, Plaintiff's auditor states that during the night of the broadcast there was a $20 cover

---

[4] The Court recognizes that there is a large difference between its award of statutory damages and Plaintiff's requested amount. Courts in this district, however, have "declined to award the maximum statutory damages when there is a large discrepancy between the maximum statutory damages and actual damages, despite its deterrent effect." *J & J Sports Prods., Inc.*, 2012 WL 525970, at *3.

8

charge, a one drink minimum, and a required hookah purchase, which totaled $32.50. *Id.*, Attachment A. The auditor additionally states that he took three head counts while at Aladdin and the highest count was 62 people. *Id.* The Court will award enhanced statutory damages of $2,015, which is equal to the highest count multiplied by $32.50. This amount is roughly equal to the amount that Defendants likely took in from the illegal broadcast and is sufficient to deter future conduct and provide restitution.

### 3. Attorney's Fees and Costs

As the prevailing party, Plaintiff is entitled to recover attorney's fees and costs for this matter. 47 US.C. § 605(e)(3)(B)(iii). Plaintiff seeks $1,600 in attorney's fees and $596 in costs, and provides an explanation for this amount. The Court is satisfied that these costs and fees are reasonable, and will award Plaintiff the full amount requested.

### IV.   CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment is **GRANTED**. Accordingly, the Court will enter judgment against Defendants in the amount of $5,411, representing $1,200 in statutory damages, $2,015 in enhanced damages, $1,600 in attorney's fees, and $596 in costs. An appropriate order accompanies this opinion.

Dated: March 2, 2017

*John Michael Vazquez, U.S.D.J.*